UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TARANPREET SINGH,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>    Defendants. | Case No. 25-cv-08180-JST<br><br>**ORDER DENYING MOTION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 8 |

Pending before the Court is Plaintiff Taranpreet Singh's motion for temporary restraining order. ECF No. 8. The Court finds this matter suitable for resolution without oral argument, *see* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b), and will deny the motion.

**I.  BACKGROUND**

Singh filed a first amended complaint on October 31, 2025 against the following defendants: the U.S. Department of Homeland Security ("DHS"); Kristi Noem, the Secretary of DHS; U.S. Citizenship and Immigration Services ("USCIS"); Joseph B. Edlow, the Director of USCIS; U.S. Immigration and Customs Enforcement ("ICE"); and Todd M. Lyons, the Acting Director of ICE. ECF No. 7. He seeks "declaratory and injunctive relief to prevent Defendants from conditioning Mr. Singh's right to apply for asylum upon his passage of a credible fear interview and to compel USCIS to adjudicate his properly filed asylum application on the merits." *Id.* ¶ 2.

Singh is an Indian national who entered the United States without inspection on or about December 3, 2021. *Id.* ¶ 3. He was apprehended by Customs and Border Patrol ("CBP") agents on December 5, 2021. ECF No. 19-1 ¶ 6, Ex. A. On December 10, 2021, CBP served Singh with

a Form I-860, Notice and Order of Expedited Removal, thereby placing him in expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1)(A)(iii).  *Id.* ¶ 7, Ex. B.  CBP also interviewed Plaintiff regarding whether he had a fear of returning to India and whether he intended to apply for asylum.  Plaintiff indicated a fear of persecution or torture if he was removed to India.  *Id.* ¶ 7, Ex. A at 1, 3.  Singh alleges that ICE was required to, but did not, refer him to an asylum officer for a credible fear determination at that time.  *Id.* (citing the Immigration and Naturalization Act ("INA") § 235(b)(1)(A)(ii), 8 U.S.C. § 1225(b)(1)(A)(ii).  ECF No. 7 ¶ 14.

On December 20, 2021, DHS issued Plaintiff an Interim Notice Authorizing Parole pursuant to 8 U.S.C. § 1182(d)(5).  ECF No. 7-1, Ex. A (Interim Notice Authorizing Parole). DHS released Plaintiff from custody on December 23, 2021, pending a credible fear interview with USCIS.  ECF No. 19-1 ¶ 9.

Singh filed an affirmative asylum application with USCIS on May 4, 2022.  ECF No. 7-1, Exh. C (Form I-589).  On November 16, 2022, he filed an Application for Employment Authorization (Form I-765).  *Id.* ¶ 20.  On or about January 26, 2023, USCIS "approved [Mr. Singh's] application for employment authorization" pursuant to 8 C.F.R. § 274a.12(c)(8).  *Id.* ¶ 21.

On June 13, 2025, USCIS dismissed Plaintiff's affirmative asylum application for lack of jurisdiction, because the records showed that Plaintiff was in expedited removal.  *Id.*, Exh. D. USCIS stated, "the asylum office cannot process your Form I-589" and "your claim . . . will be considered by an asylum officer through the credible fear screening process pursuant to 8 C.F.R. § 208.30."  *Id.*

On September 25, 2025, Singh filed a complaint in this Court.  ECF No. 1.  He then filed a first amended complaint on October 31, 2025, making claims of ultra vires agency action; violation of the INA (failure to complete removal within 90 days); violation of the INA (one-year filing deadline); and arbitrary and capricious agency action in violation of the Administrative Procedures Act ("APA").  ECF No. 7.  He seeks an order enjoining Defendants from conducting a credible fear interview; declaring that Singh is not subject to expedited removal; declaring that he is entitled to full removal proceedings under INA § 240; ordering USCIS to accept and adjudicate Mr. Singh's I-589 or refer him to an immigration judge for the adjudication of his application for

1    asylum in removal proceedings under INA § 240; declaring that USCIS's dismissal of Mr. Singh's

2    Form I-589 was arbitrary, capricious, and contrary to law in violation of the Administrative

3    Procedure Act, 5 U.S.C. § 706(2)(A); and awarding attorney's fees and costs.

4        Singh filed this motion for a TRO on October 31, 2025. ECF No. 8. He seeks an order preventing Defendants from conducting a credible fear interview of him; taking any action to remove or deport him based on any alleged expedited removal order; or "[t]aking any action inconsistent with Plaintiff's right to have his properly filed Form I-589 asylum application adjudicated on the merits." *Id.* at 2. The government filed an opposition on November 9, 2025. ECF No. 19. Singh filed a reply on November 11, 2025. ECF No. 21.

## II.   LEGAL STANDARD

A party may seek a temporary restraining order to preserve the status quo and prevent irreparable harm until a preliminary injunction hearing may be held. *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters* ("*Granny Goose*"), 415 U.S. 423, 438–39 (1974)); Fed. R. Civ. P. 65(b). The standard for issuing a temporary restraining order mirrors that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A plaintiff seeking [such relief] must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "[S]erious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). When ruling on a challenge to subject matter jurisdiction, "[a] district court may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Robinson v.*

*United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Id.* (quoting *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.1 (9th Cir. 2007)); *see also Kokkonen*, 511 U.S. at 377 ("[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction[.]").

## III. DISCUSSION

Singh argues that four years ago, DHS "initiated—but never completed—an expedited removal process against Plaintiff" and that "[h]aving released him under INA § 236, permitted him to reside openly in the United States, and accepted his properly filed affirmative asylum application," DHS may not "resurrect that long-dormant [expedited removal] process and compel him to undergo a credible-fear interview as if he had just arrived at the border." ECF No. 23 at 2. He contends such a result is barred by the INA and the Constitution.

The government argues that Singh's motion for TRO should be denied for five reasons: (1) the Court lacks jurisdiction over Singh's motion because the INA precludes judicial review over challenges to expedited removal orders issued pursuant to 8 U.S.C. § 1225(b)(1); (2) the Court lacks jurisdiction to review USCIS's dismissal of Singh's asylum application because the dismissal was not a final agency action reviewable under the APA; (3) Singh lacks standing because there is no remedy that the Court can provide him as to the dismissal of his asylum application; (4) Singh is not likely to succeed on the merits of his claims; and (5) the balance of harms and the public interest weigh against the issuance of a TRO.

### A. The Court Lacks Jurisdiction Over The Complaint

The government first contends that challenges "relating to the implementation and operation of" an expedited removal order are jurisdictionally barred by 8 U.S.C. § 1252(a)(2)(A). Singh responds that no final order of removal has been entered.

Congress authorizes DHS to remove certain inadmissible noncitizens who have arrived at or illegally crossed the U.S. border through expedited removal proceedings. 8 U.S.C. § 1225(b)(1). In expedited removal proceedings, certain noncitizens who lack valid entry documentation or make material misrepresentations shall be "order[ed] . . . removed from the

4

United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). Noncitizens who indicate a fear of persecution are referred for an interview with an asylum officer, who assesses whether the noncitizen has a "credible fear of persecution." 8 U.S.C. § 1225(b)(1)(B)(ii), (v). The asylum officer's determination is not final until reviewed by a supervisor, who signs a Form I-860 notifying the noncitizen of the decision. 8 C.F.R. §§ 208.30(e)(8); 235.3(b)(2)(i), (b)(7). The regulation states that an expedited removal order "must be reviewed and approved by the appropriate supervisor before the order is considered final." § 235.3(b)(7); *Alvarado-Herrera v. Garland*, 993 F.3d 1187, 1191 (9th Cir. 2021) (quoting regulation). The Form I-860 issued to Singh was signed by an immigration officer, but not by a supervisor. ECF No. 19-2.

Congress has stripped district courts of jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. *See* 8 U.S.C. § 1252(a)(2)(i) (providing that "no court shall have jurisdiction to review . . . [with certain exceptions] any individual determination or to entertain any other cause or claim arising from or relating to the implementation or operation of an order of removal pursuant to section 1225(b)(1) of this title"). A single exception is set forth in 8 U.S.C. § 1252(e)(2), which provides:

> [A] person in expedited removal proceedings may file a habeas petition in federal district court to contest three DHS determinations: whether the person is a noncitizen, whether he was ordered removed via expedited removal, and whether he is a lawful permanent resident or has another status exempting him from expedited removal. Review of whether a petitioner was ordered removed is limited to whether such an order in fact was issued and whether it relates to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal.

8 U.S.C. § 1252(e)(2).

Singh argues that no final order of removal was ever entered because the Form I-860 issued to Singh lacks the signature of a supervisor. ECF No. 19-2. The Court is foreclosed from considering this argument, however, by *Alvarado-Herrera*. Like Singh, the plaintiff in that case argued that his order of removal was invalid because, among other reasons, the order was not "reviewed and approved by the appropriate supervisor." 993 F.3d at 1191. The Ninth Circuit held that it lacked jurisdiction to entertain plaintiff's argument:

5

> Judicial review of expedited removal orders is governed by § 1252 of Title 8, which provides that "no court shall have jurisdiction to review" an expedited removal order except as provided in subsection (e). 8 U.S.C. § 1252(a)(2)(A). Subsection (e) in turn limits judicial review to three narrow issues, each of which must be raised in habeas corpus proceedings: "whether the petitioner is an alien"; "whether the petitioner was ordered removed" under an expedited removal order; and whether the petitioner can prove that he or she has lawful status in the United States as an asylee, refugee, or permanent resident. § 1252(e)(2); *see DHS v. Thuraissigiam*, ––– U.S. –––, 140 S. Ct. 1959, 1963–64, 207 L.Ed.2d 427 (2020) (rejecting a Suspension Clause challenge to this limitation).

*Id.* at 1192. As in *Alvarado-Herrera*, this Court lacks jurisdiction over Singh's request to prevent the government from enforcing the expedited removal order.

### B. The Court Cannot Consider Singh's APA Claim

The government next argues that USCIS's dismissal of Plaintiff's asylum application is not a "final agency action" subject to judicial review. Singh does not respond to that argument. The Court need not resolve that particular question, however, because "the APA does not apply 'to the extent that . . . statutes preclude judicial review.' 5 U.S.C. § 701(a)(1)." *Kumar v. Wolf*, No. CV-20-00814-PHX-SPL-ESW, 2020 WL 5505418, at *4 (D. Ariz. Aug. 17, 2020), *report and recommendation adopted*, No. CV-20-00814-PHX-SPL, 2020 WL 5501336 (D. Ariz. Sept. 11, 2020). And, as just noted, "8 U.S.C. § 1252(a)(2)(A) precludes judicial review of claims relating to expedited removal orders except as provided in § 1252(e)(2)." *Gao v. U.S. Dep't of Homeland Sec.*, No. 221CV03253CBMGJSX, 2022 WL 2903126, at *6 (C.D. Cal. June 15, 2022) (dismissing APA claim); see also *Dubey v. Dep't of Homeland Sec.*, 154 F.4th 534, 537 (7th Cir. 2025) ("Neither the court of appeals nor a district court can review an expedited order of removal (unless an exception in § 1252(e) applies), and therefore neither court can review an administrative finding that underlies the order, given the proviso in 5 U.S.C. § 701(a)(1) that the APA does not authorize judicial review that some other statute forecloses.").

### C. Singh is Not Likely to Succeed on the Merits

Finally, even if the Court had jurisdiction, it would conclude that Singh has not shown he is likely to succeed on the merits or even that there are serious questions going to the merits. He argues that "§ 1225(b)(1) must be construed to require that any credible-fear referral—and any

1  resulting expedited-removal order—occur within one year of arrival" because asylum seekers have
2  to apply for asylum within one year of entering the United States, and that "[r]eading § 1225(b)(1)
3  to permit DHS to revive an unexecuted expedited-removal process years after release" would
4  present "grave due process concerns."  He also argues that the government waived its right to
5  pursue removal under § 1225(b)(1)(A)(iii) because it accepted Singh's asylum application and
6  issued a temporary work permit on the basis of that asylum application.

Singh offers no legal authority in support of these arguments, and the Court finds them to be without merit.  The Court will not impose a time limit on the expedited removal process where none exists in the statute.  And simply because Singh filed an unlawful I-589 application for asylum or sought permission to work does not preclude the government from continuing to seek expedited removal.  *See Singh v. United States Department of Homeland Security*, 3:25-cv-04899-WHO, ECF No. 26 at 2 (N.D. Cal. Jun. 26, 2025).

## CONCLUSION

This Court lacks jurisdiction over the claims in Singh's complaint and there is no authority support for the relief he seeks.  For these reasons, the Court denies Singh's application for a temporary restraining order.[1]

**IT IS SO ORDERED.**

Dated:  November 20, 2025



_____
JON S. TIGAR
United States District Judge

---

[1] In light of the conclusions set forth in this order, the Court declines to reach the government's remaining arguments.